United States Bankruptcy Court
Middle District of Florida
Jacksonville Division

IN RE:     KEITH B. LOFTON

CASE NO.: 3:13-bk-03047-PMG

Debtor
_____/

## DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN

1. **Payments to the Trustee:** The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,279.70 for months one through twelve (1-12) and $1,314.11 for months thirteen through sixty (13-60)** during the term of the Plan.

2. **Plan Length:** The term of the plan is for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless otherwise agreed by the creditor.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

**A. Administrative Expenses/ Priority Claims**

(1) Trustee's Fee: 10% of total payment.

(2) The following administrative, priority and arrearage claims shall be paid in the order listed at the rate of **$439.31 for months one through twelve (1-12) and $470.28 for months thirteen through sixty (13-60)** during the term of the Plan. Any remaining sums shall then be applied to the unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been voided.

| Creditor | Type of Claim | Allowed Amount |
|---|---|---|
| MICKLER & MICKLER | Administrative | $2,716.00 |

| | | |
|---|---|---|
| 5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: Lofton, Keith | | |
| MICKLER & MICKLER<br>5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: Lofton, Keith | Administrative –<br>*for second mortgage valuation* | $1,500.00 |
| Internal Revenue Service<br>P O Box 7317<br>Philadelphia. PA 19101-7317<br>Acct No.: xxx-xx-2177 | Priority | $18,275.22 |
| Bank of America, N.A.<br>P O Box 660933<br>Dallas, Texas 75266-0933<br>Acct No.: 1590 | Arrearage | $3,853.00 |

**B. Secured Claims**

1. Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| Real Time Resolutions, Inc. agent for The Bank of New York Mellon<br>Acct No.: 2689 | 2nd mtg. on residence (9176 Monroe Ave, Jacksonville, FL) which is wholly unsecured | $0.00 | 0% | $0.00 | $0.00<br>This claim shall be treated as unsecured for purposes of distribution |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| | | | | | |

(2) Secured Debts - Which Will Extend Beyond the Length of the Plan

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
| Bank of America, N.A.<br>P O Box 660933<br>Dallas, Texas 75266-0933<br>Acct No.: 1590 | first mortgage on the Debtor's residence located at:<br>9176 Monroe Avenue<br>Jacksonville, FL 32208 | $712.42 | $42,745.20 |

**C. Unsecured Claims**

General Non-Priority Unsecured: Unsecured debts shall receive distribution as set in this plan and shall be paid pro rata in accordance with paragraph 4(A)(2) above.

5. The Debtor shall make regular payments directly to the following creditors:

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
|  |  |  |  |

6. The following executory contracts of the debtor are rejected:

| Creditor | Collateral |
|---|---|
|  |  |

7. Property to Be Surrendered to Secured Creditor in full satisfaction of claim (property not subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim (property subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

**D. MISCELLANEOUS PROVISIONS**

(1) Title to all property of the estate shall revest in the debtor upon Discharge of this plan.

(2) Any claims filed after the bar date shall receive no distribution under the Plan unless specifically provided for above.

(3) Each allowed secured claim shall retain its lien interest.

(4) Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements pursuant to the provisions of 24 C.F.R., §3500.17(I). This provision does not excuse the debtor from making the required payments under the terms of this Plan.

(5) Confirmation of the Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all the following: (a) To apply the payments received from the Trustee on the pre-petition arrearage, if any, only such arrearage. For purpose of the Plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this Case. (b) To deem the pre-petition arrearage as contractually current upon Confirmation of the Plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults. (c) To apply the direct post-petition monthly mortgage payments paid by Trustee or by the Debtors to the month in which each payment was designated to be made under the Plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(6) Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis on the debtor's account; (b) notify the debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., §3500.17(I). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

Dated this 30 day of July, 2013.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing was furnished to all interested creditors as per the attached Matrix, and to Douglas W. Neway, Chapter 13 Trustee, by CM/ECF electronic delivery, this 30 day of July, 2013.

                                                Law Offices of Mickler & Mickler

                                                By: _____
                                                BRYAN K. MICKLER
                                                Attorney for Debtor
                                                5452 Arlington Expressway
                                                Jacksonville, FL  32211
                                                (904) 725-0822/FAX 725-0855
                                                Florida Bar No. 091790

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:13-bk-03047-PMG<br>Middle District of Florida<br>Jacksonville<br>Wed Jul 31 09:22:39 EDT 2013 | Bank of America, N.A.<br>c/o George Wise, Esq<br>6 Nashua Court<br>Suite D<br>Baltimore, MD 21221-3124 | Keith B. Lofton<br>9176 Monroe Avenue<br>Jacksonville, FL 32208-2344 |
| Bank Of America, N.A.<br>450 American St<br>Simi Valley, CA 93065-6285 | Bank Of New York Mellon<br>c/o Prober & Raphael<br>P O Box 4365<br>Woodland Hills, CA 91365-4365 | Bank of America<br>PO Box 15019<br>Wilmington, DE 19886-2464 |
| Bank of America, N.A.<br>P. O. Box 660933<br>Dallas, TX 75266-0933 | Beckett & Lee for<br>Chase Bank USA<br>P O Box 3001<br>Malvern, PA 19355-0701 | Chase<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Chevron<br>PO Box 5010<br>Room 1242<br>Concord, CA 94524-0010 | City of Jacksonville<br>117 West Duval Street Ste. 480<br>Jacksonville, FL 32202-5721 | Duval County Tax Collector<br>231 Forsyth St. #130<br>Jacksonville FL 32202-3380 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Gecrb/Chevron<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 | Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 |
| Mickler & Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211-6860 | (p)MARLIN MEDCLR INOVISION<br>507 PRUDENTIAL ROAD<br>HORSHAM PA 19044-2308 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| (p)REAL TIME RESOLUTIONS INC<br>PO BOX 36655<br>DALLAS TX 75235-1655 | Safetouch Security c/o<br>Francine Clair Landau, Esq.<br>3740 Beach Blvd. #307-B<br>Jacksonville, FL 32207-3819 | Safetouch/DCI<br>9600 Sunbeam Center Dr.<br>Jacksonville, FL 32257-1101 |
| Square Two Financial HQ<br>4340 S. Monaco<br>Second Floor<br>Denver, CO 80237-3408 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | University of Florida, Jax<br>Jacksonville Physicians, Inc<br>P.O. Box 44008<br>Jacksonville, FL 32231-4008 |
| Wells Fargo Bank NA<br>P O Box 10438<br>Des Moines, IA 50306-0438 | Wells Fargo Financial Cards<br>800 Walnut Street<br>Des Moines, IA 50309-3891 | Albert H. Mickler +<br>5452 Arlington Expressway<br>Jacksonville, FL 32211-6800 |
| Bryan K. Mickler +<br>5452 Arlington Expressway<br>Jacksonville, FL 32211-6860 | United States Trustee - JAX 13/7 7+<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2217 | Douglas W. Neway +<br>P O Box 4308<br>Jacksonville, FL 32201-4308 |

| | | |
|---|---|---|
| Robert M Peery +<br>Morris Hardwick Schneider<br>6 Nashua Court<br>Suite D<br>Baltimore, MD 21221-3124 | George E Wise +<br>Morris Hardwick Schneider<br>6 Nashua Court<br>Suite D<br>Baltimore, MD 21221-3124 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| NCO Financial/55<br>PO Box 13570<br>Philadelphia, PA 19101 | Portfolio Recovery Assoc.<br>P O Box 12914<br>Norfolk, VA 23541 | Real Time Resolutions, Inc.<br>1349 Empire Central Drive, Suite #150<br>PO Box 36655<br>Dallas, Texas 75247-4029 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Paul M. Glenn<br>Jacksonville | (d)Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (d)Wells Fargo Bank NA<br>PO Box 10438<br>Des Moines IA 50306-0438 |

End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35