**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

IN RE:        KEITH B. LOFTON

CASE NO.: 3:13-bk-03047-PMG

Debtor

_____/

## DEBTOR'S MODIFIED CHAPTER 13 PLAN

1. **Payments to the Trustee:**   The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,279.70 for months one through twelve (1-12) and $1,322.00 for months thirteen through sixty (13-60)** during the term of the Plan.

2. **Plan Length:** The term of the plan is for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless otherwise agreed by the creditor.

4.   From the payments received under the plan, the trustee shall make disbursements as follows:

**A. Administrative Expenses/ Priority Claims**

(1) Trustee's Fee: 10% of total payment.

(2) The following administrative, priority and arrearage claims shall be paid in the order listed at the rate of **$439.31 for months one through twelve (1-12) and $470.28 for months thirteen through sixty (13-60)** during the term of the Plan. Any remaining sums shall then be applied to the unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been voided.

| Creditor | Type of Claim | Allowed Amount |
|---|---|---|
| MICKLER & MICKLER | Administrative | $2,716.00 |

| | | |
|---|---|---|
| 5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: Lofton, Keith | | |
| MICKLER & MICKLER<br>5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: Lofton, Keith | Administrative —<br>*for second mortgage valuation* | $1,500.00 |
| Internal Revenue Service<br>P O Box 7317<br>Philadelphia. PA 19101-7317<br>Acct No.: xxx-xx-2177 | Priority | $18,275.22 |
| Bank of America, N.A.<br>P O Box 660933<br>Dallas, Texas 75266-0933<br>Acct No.: 1590 | Arrearage | $3,853.00 |

**B. Secured Claims**

1. Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506.  Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| Real Time Resolutions, Inc. agent for The Bank of New York Mellon<br>Acct No.: 2689 | 2nd mtg. on residence (9176 Monroe Ave, Jacksonville, FL) which is wholly unsecured | $0.00 | 0% | $0.00 | $0.00<br>This claim shall be treated as unsecured for purposes of distribution |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| | | | | | |

(2) Secured Debts - Which Will Extend Beyond the Length of the Plan

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
| Bank of America, N.A.<br>P O Box 660933<br>Dallas, Texas 75266-0933<br>Acct No.: 1590 | first mortgage on the Debtor's residence located at:<br>9176 Monroe Avenue<br>Jacksonville, FL 32208 | $712.42 for months 1-12 and $719.01 for months 13-60 | $43,061.52 |

**C. Unsecured Claims**

General Non-Priority Unsecured: Unsecured debts shall receive distribution as set in this plan and shall be paid pro rata in accordance with paragraph 4(A)(2) above.

5. The Debtor shall make regular payments directly to the following creditors:

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
|  |  |  |  |

6. The following executory contracts of the debtor are rejected:

| Creditor | Collateral |
|---|---|
|  |  |

7. Property to Be Surrendered to Secured Creditor in full satisfaction of claim (property not subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim (property subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

**D.  MISCELLANEOUS PROVISIONS**

(1)   Title to all property of the estate shall revest in the debtor upon Discharge of this plan.

(2)   Any claims filed after the bar date shall receive no distribution under the Plan unless specifically provided for above.

(3)   Each allowed secured claim shall retain its lien interest.

(4)   Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements pursuant to the provisions of 24 C.F.R., §3500.17(I). This provision does not excuse the debtor from making the required payments under the terms of this Plan.

(5) Confirmation of the Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all the following: (a) To apply the payments received from the Trustee on the pre-petition arrearage, if any, only such arrearage. For purpose of the Plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this Case. (b) To deem the pre-petition arrearage as contractually current upon Confirmation of the Plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults. (c) To apply the direct post-petition monthly mortgage payments paid by Trustee or by the Debtors to the month in which each payment was designated to be made under the Plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(6) Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis on the debtor's account; (b) notify the debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., §3500.17(I). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

Dated this ___11___ day of May, 2014.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing was furnished to all interested creditors as per the attached Matrix, and to Douglas W. Neway, Chapter 13 Trustee, by CM/ECF electronic delivery, this ___11___ day of May, 2014.

Law Offices of Mickler & Mickler

By: _____
    BRYAN K. MICKLER
Attorney for Debtor
5452 Arlington Expressway
Jacksonville, FL   32211
(904) 725-0822/FAX 725-0855
Florida Bar No. 091790

Label Matrix for local noticing
113A-3
Case 3:13-bk-03047-PMG
Middle District of Florida
Jacksonville
Mon May 12 09:05:41 EDT 2014

Bank Of America, N.A.
450 American St
Simi Valley, CA 93065-6285

Bank of America, N.A.
P. O. Box 660933
Dallas, TX 75266-0933

Chevron
PO Box  5010
Room 1242
Concord, CA 94524-0010

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Main Street Acquisition Corp., assignee
of CHASE BANK USA, N. A.
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Safetouch/DCI
9600 Sunbeam Center Dr.
Jacksonville, FL 32257-1101

University of Florida, Jax
Jacksonville Physicians, Inc
P.O. Box 44008
Jacksonville, FL 32231-4008

Albert H. Mickler +
5452 Arlington Expressway
Jacksonville, FL 32211-6800

Bank of America, N.A.
c/o George Wise, Esq
6 Nashua Court
Suite D
Baltimore, MD 21221-3124

Bank Of New York Mellon
c/o Prober & Raphael
P O Box 4365
Woodland Hills, CA 91365-4365

Beckett & Lee for
Chase Bank USA
P O Box 3001
Malvern, PA 19355-0701

City of Jacksonville
117 West Duval Street Ste. 480
Jacksonville, FL 32202-5721

Gecrb/Chevron
4125 Windward Plaza
Alpharetta, GA 30005-8738

Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211-6860

(p)REAL TIME RESOLUTIONS INC
PO BOX 36655
DALLAS TX 75235-1655

Square Two Financial HQ
4340 S. Monaco
Second Floor
Denver, CO 80237-3408

Wells Fargo Bank NA
P O Box 10438
Des Moines, IA 50306-0438

Bryan K. Mickler +
5452 Arlington Expressway
Jacksonville, FL 32211-6860

Keith B. Lofton
9176 Monroe Avenue
Jacksonville, FL 32208-2344

Bank of America
PO Box 15019
Wilmington, DE 19886-2464

Chase
PO Box 15298
Wilmington, DE 19850-5298

Duval County Tax Collector
231 Forsyth St.  #130
Jacksonville FL 32202-3380

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

(p)MARLIN MEDCLR INOVISION
507 PRUDENTIAL ROAD
HORSHAM PA 19044-2308

Safetouch Security c/o
Francine Clair Landau, Esq.
3740 Beach Blvd. #307-B
Jacksonville, FL 32207-3819

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204

Wells Fargo Financial Cards
800 Walnut Street
Des Moines, IA 50309-3891

United States Trustee - JAX 13/7 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

Robert M Peery +
Morris Hardwick Schneider
6 Nashua Court
Suite D
Baltimore, MD 21221-3124

George E Wise +
Morris Hardwick Schneider
6 Nashua Court
Suite D
Baltimore, MD 21221-3124


Note: Entries with a '+' at the end of the
name have an email address on file in CMECF


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


NCO Financial/55
PO Box 13570
Philadelphia, PA 19101

Portfolio Recovery Assoc.
P O Box 12914
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541


Real Time Resolutions, Inc.
1349 Empire Central Drive, Suite #150
PO Box 36655
Dallas, Texas 75247-4029


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Paul M. Glenn
Jacksonville

(d)Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

(d)Wells Fargo Bank NA
PO Box 10438
Des Moines IA    50306-0438


End of Label Matrix
Mailable recipients    33
Bypassed recipients     3
Total                  36